IN THE UNITED STATES DISTRICT COURT
FOR NORTHERN INDIANA

| | |
|---|---|
| GUAN HILLSMAN, ) | CASE: 16cv480 |
|     PLAINTIFF, ) | JUDGE |
| v. ) | MAG. JUDGE |
| CITY OF EAST CHICAGO, ) | |
|     DEFENDANT. ) | |

**COMPLAINT FOR A PRELIMINARY INJUNCTION AND DECLARATORY RELIEF**

**NATURE OF COMPLAINT**

Plaintiff Hillsman seeks that Defendant is enjoined violating 29 CFR § 825.300(d)(3), et al.[1]  Therefore, Plaintiff seeks injunctive relief pursuant to F.R.C.P. 65(a); and declaratory relief pursuant to 28 U.S.C. § 2201.

**JURISDICTION & VENUE**

(1)   Jurisdiction of this court arises under 28 U.S.C. §§ 1331, 1337; violating 29 CFR §§ 825.300, 825.312; 825.220 and Title 29 U.S.C. § 2615.

(2)   Venue is had through 28 U.S.C. §1391, the events or omissions giving rise to the claims having occurred in this district.

**PARTIES**

(3)   Plaintiff GUAN Hillsman is a natural person, a legal adult, and a resident of Lake County, Indiana.  He is employed by Defendant East Chicago as a police officer.  Hillsman holds the rank of sergeant.  Plaintiff was harmed by Defendant in Lake County, Indiana.

---

[1] A significant purpose of Movant's filing is that of causing an immediate restoration of his salary to include he is paid any and all monies owed to him from approximately March 15, 2016 to present.

1

(4)     Defendant City of East Chicago Park, is a municipality and has a principal place of business located at 2301 E. Columbus Drive, East Chicago, Indiana, 46312. Defendant harmed Plaintiff in Lake County, Indiana at all times relevant to this complaint.

**FACTS**

(5)     Plaintiff Hillsman is a United States Military veteran employed by Defendant as a police officer (since 1991) and holds the rank of sergeant.

(6)      Plaintiff is not a probationary officer.

(7)     Hillsman took FMLA leave for which he applied in December 2015. The leave was approved in January 2016.

(8)      On February 20, 2016, Hillsman was told by East Chicago that he was expected to return from FMLA leave to for work on March 16, 2016. Second, that he needed to provide a release (document showing he was fit for work) from his doctor.  In this regard, the representation to the Lake County Superior Court, supra., on October 31, 2016, by counsel for the East Chicago chief of police (Lyles) that Hillsman blundered by producing a release from his physician, is representation for which Plaintiff disagrees.  The Chief of Police through Attorney Lyles, erroneously arguing that Hillsman was supposed to produce a release-clearance [to work] from a worker's compensation connected physician, rather than his own physician is an utterly false statement.

(9)     On March 10, 2016, Hillsman received from his doctor the document required by East Chicago.  The document shows East Chicago that as of March 11, 2016, Hillsman is cleared for work… deemed fit to return to

police work by a physician. As ordered, Hillsman hand delivered the document on March 10, 2016 to the acting police chief and another East Chicago agent.

(10)   Recall, Hillsman was informed on February 10, 2016, that on March 16, 2016, he was to report to work.

(11)   On March 16, 2016 Hillsman reported for duty as he was to report back to work after having completed FMLA leave. However, East Chicago did not permit to resume his work duties. In addition, East Chicago took a bold step, that of disallowing Hillsman's placement back onto the payroll. Hillsman asserts through counsel, the latter was, and is, a blatant violation by the ECPD (along with the City of East Chicago as a whole), of CFR TITLE 29 § 825.300(d)(3) & CFR TITLE 29 § 825.312(d)(e) &(f).

(12)   Hillsman and counsel now know (subsequent to March 15, 2016), based on reasonable information and belief, the day prior (March 15) to his reporting for duty (March 16), he was placed into a no-pay status by either the East Chicago Police Department (ECPD) or other entity of the City of East Chicago. Since Hillsman has a 14th Amendment protected property interest[2] in his continued employment as an East Chicago police officer (in other words, he

---

[2] A protected property arises from a statute, ordinance, or contract. *Speckman v. City of Indianapolis,* 540 N.E.2d 1189, 1193 (Ind. 1989). **Hillsman's property interest arises from IC 36-8-3.**
  "To have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. **He must, instead, have a legitimate claim of entitlement to it.**" *Bd. of Regents v. Roth,* 408 U.S. 564, 577 (1972)). An Indiana statute 36-8-3, has given Sgt. Hillsman the legitimate claim of entitlement to claim a property interest. *See* Ind. Code § 36-8-3.5-17 and 19.

3

is not an employee at will), the only ways (plural) he could find himself in a no pay status are by one of the following:

(a)  According to IC 36-8-3.5-17 and 19 (a discipline matter);[3]

(b)  If he had taken a leave of absence;

(c) Where he abandoned his job, as in he stopped showing to work.  Notice that this alternative would evolve, very rapidly, into an IC 36-8-3.5-17 through 19 issue (this is a discipline matter); or,

(d)  Because he had been on FMLA leave, if at the proscribed time allowed for service of "a" designation notice before the leave commenced, Hillsman had been served with a form WH-382 (designation notice) and that the Fitness for Duty (FFD or FCE) box was checked. See Code of Federal

---

[3]   In order to address Plaintiff's legal issues for which this Complaint is a representation (esp., that he has not been paid his salary since approximately March 15, 2016), this past July (about 4 months ago), Plaintiff's counsel reached-out, by facsimile, to East Chicago City Attorney Carla Morgan, to no avail. Thereafter, through the undersigned, Plaintiff did petition the police board (East Chicago Merit Commission), twice, for relief. Having had no success, Plaintiff, by his counsel, filed for injunctive relief in Lake County Superior Court (CAUSE NO. 45D01-1610-PL-00115). The basis of which was Plaintiff's position that he was being subjected to an adverse employment decision pursuant to IC 36-8-3.5-17 and 19.
   Defendant has since denied that Sgt. Hillsman is in a disciplinary status pursuant to IC 36-8-3.5-17 and 19.  Rather, Defendant now asserts an FMLA based basis for Hillsman not receiving his salary. On October 31, 2016 the Superior Court ordered the East Chicago [Police] Merit Board to hear Plaintiff's demands (see ORDER & REMAND attached as Ex. A; and, the transcript of the proceeding attached as Ex. B).  The Superior Court has stayed the action pursuant to the Court's Order that the Board hear Hillsman's request for relief). The instant filing in the District Court is distinguishable from the Superior Court filing since the instant district court filing asserts an FMLA violation not a IC 36-8-3.5 violation.  Second, the instant filing seeks the reimbursement of monies owed to Plaintiff by way of federal legislation (sections 800.300, 800.312 and 29 U.S.C. 2615).
   The Board announced, by Order, on October 31, 2016 that it would not hear the Hillsman matter until November 15, 2016.  Plaintiff protested that such date was too far away.  Additionally, Plaintiff protests the Board's October 31, 2016 position that Hillsman should sit for a FFF\FCE. Protesting the latter and the far away date, Plaintiff filed a motion for reconsideration on November 3, 2016 for which the Board has not responded.

Regulation, Title 29 § 800.300 and CFR Title 29 § 825.312 Most important, as evinced by § 825.300(d)(3) [internal quotations omitted]:

> If the employer will require the employee to present a fitness-for-duty certification to be restored to employment, the **employer must provide notice of such requirement with the designation notice.** If the employer will require that the fitness-for-duty certification address the employee's ability to perform the essential functions of the employee's position, the employer must so indicate in the designation notice, and must include a list of the essential functions of the employee's position. *See* § 825.312. If the employer handbook or other written documents (if any) describing the employer's leave policies clearly provide that a fitness-for-duty certification will be required in specific circumstances (*e.g.*, by stating that fitness-for-duty certification will be required in all cases of back injuries for employees in a certain occupation), the employer is not required to provide written notice of the requirement with the designation notice, but must provide oral notice no later than with the designation notice. (§ 825.300(d)(3)).

(13)   The September 21, 2016 Order from the East Chicago Merit Commission (Board) "reports" that the East Chicago Police Department's (ECPD) position is that Hillsman; although, in a non pay status, is not suspended or the recipient of in-progress discipline. Arguably, the Board adopts this position. Plaintiff asserts that this pronouncement by the Board, flies in the face of how the 7th Circuit has defined a material, adverse employment action. (Cf. *Lavalais v. Village of Melrose Park*, 734 F. 3d 629, 633 (7th Circuit, 2013)).

(14)   In this regard, Hillsman contends that regardless of the position of the ECPD, IC 36-8-3.5-17 and 19 are implicated by his placement in[to] a non pay status, since he is not an employee at will;  because he has 14th Amendment property protection;  because he has not walked off the job;  because he has not taken a leave of absence; and, because a designation notice

5

requiring a fitness for duty\functional capacity examination was not served on him.

(15)   Moreover, had such notice been served "…the <u>employer</u> must provide notice of such requirement with the designation notice" (825.300(d)(3)).  That never happened.  It is too late now.  Although, nothing stops the East Chicago chief of police from ordering an FCE\FFD [right now];  however, the East Chicago Police chief (or the City), is prohibited by 825.300 and 825.312 from DEPRIVING HILLSMAN OF HIS SALARY in connection to FMLA.  Section 825.220 (*Protection for Employees Who Request Leave or Otherwise Assert FMLA rights*); and, 29 US Code 2615 (*Prohibited Acts*).

(16)   The issue is salary and whether or not an employer may deny an employee his\her salary immediately following FMLA leave.  Sections 825.300 and 825.312 allow for a deprivation of pay <u>ONLY</u> if the designation notice requirement(s) of 825.300 have been satisfied.  Notice pursuant to 825.300, never happened in the Hillsman chronicle.

(17)   Because there was not adherence to 825.300, Hillsman cannot be placed into a no pay status without East Chicago and its police chief breaking the law.  The whole point of enactment of revisions to Title 29 legislation (namely 825.300(d)(3)) was and is to put an end to the very conduct for which East Chicago has engaged –-namely that of telling the employee when he returns from FMLA leave: **" Officer, because you were on FMLA leave, you will not be placed back on the payroll until you complete an FCE\FFD."**

(18) Strangely and unexpectedly, counsel for East Chicago (Lyles), admitted on the record (October 31, 2016 and see Ex. B)[4] that it was East Chicago's position that because Hillsman used FMLA pursuant to a "stroke" and for what Lyles erroneously told the Court was Hillsman "crash'[ing] 'a car"[5] –-that <u>all of that</u> [over use of] FMLA represented that the East Chicago chief of police was correct in holding that Hillsman should **not** be placed back on the payroll until he completed an FCE\FFD.  Movant responds in opposition: this is in contravention to 825.300 and 825.312.  And, this type of conduct (proved by averment by Mr. Lyles as actually having occurred) is prohibited by law along with pronounced penalties for imposition on offending employers (in this case East Chicago).  See Section 825.220 (*Protection for Employees who request leave or otherwise assert FMLA rights*). As well, 29 US Code 2615 (*Prohibited Acts*).

(19) Once again, 825.300(d)(3) holds in part, that:  "If the **employer** will require the **employee** to present a fitness-for-duty certification to be restored to employment, the **employer** must provide notice of such requirement with the designation notice." (Id.)  Sections 820.300 and 825.312 disallow a Fitness for Duty requirement where a WH-382 is not served on the employee. See 825.312(b) starting with the fifth sentence.  See 825.312 (d): "The designation

---

[4] CAUSE NO. 45D01-1610-PL-00115)

[5] This is the same car accident for which Mr. Lyles (counsel for Defendant) was consulted by Sgt. Hillsman for representation. Lyles' knowledge of the accident, obtained from the mouth of Hillsman speaking in confidence to Lyles and then followed by Lyles' subsequent pronouncement, in court, on the record, that Hillsman was the party who caused the crash, bodes with Hillsman's October 24, 2016 in writing demand to Mr. Lyles that he withdraw due to a conflict of interest.

notice required in §825.300(d) shall advise the employee if the employer will require a fitness-for-duty certification to return to work." See 825.312 (e) "An employer may delay restoration to employment until an employee submits a required fitness-for-duty certification **unless the employer has failed to provide the notice required in paragraph (d) of this section**." See 825.312 (f), starting with Fifth sentence.  Notice is made clear in 825.300(3) and 825.312(b)(d)(e) and (f). Section 825.300 must be read in conjunction with section 825.312.  Once again, section 825.300 must be read in conjunction with section 825.312.

(20)   A protected property arises from a statute, ordinance, or contract. *Speckman v. City of Indianapolis,* 540 N.E.2d 1189, 1193 (Ind. 1989). Hillsman's property interest arises from IC 36-8-3.

> "To have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. **He must, instead, have a legitimate claim of entitlement to it.**" *Bd. of Regents v. Roth,* 408 U.S. 564, 577 (1972)). An Indiana statute 36-8-3, has given Sgt. Hillsman the legitimate claim of entitlement to claim a property interest. *See* Ind. Code § 36-8-3.5-17 and 19.

(21)   Once again, as Movant has argued (filings with the Board on Sept 19, 2016 and September 22, 2016) IC 36-8-3.5 allows a chief of police to suspend an officer for no more than 5 days.  Regardless of the position of the ECPD that Hillsman has not suffered what a material adverse employment action, holdings in and by the United States Court of Appeals for the Seventh Circuit and holdings in and by the United States Supreme Court  cause the opposite conclusion.

(22)  The claim by Attorney Carla Morgan to the Court on October 31, 2016, supra., that Hillsman refused to submit to an FFD\FCE five times is categorically false as would have been shown had witnesses taken the stand hours ago in the preliminary injunction hearing.  More important are two things:  (1)  The issue is the deprivation of Hillsman's salary where he has a recognized 14th Amendment property interest along with support from four unambiguous Title 29 statutes which show that for each day from on or about March 15, 2016 that Hillsman is and has been denied salary by the ECPD, the Department (and the City to which it belongs) is in violation of CFR TITLE 29 § 825.300(d)(3) and CFR TITLE 29 § 825.312(d)(e) &(f).  Penalties appropriate by way of section 825.220 (*Protection for Employees Who Request Leave or Otherwise Assert FMLA rights*); and, 29 US Code 2615 (*Prohibited Acts*).

### COUNT I, PRAYER FOR A PRELIMINARY INJUNCTION
### DEFENDANT IS IN VIOLATION OF CFR TITLE 29 §§  825.300(d)(3) 825.220 & 825.312

(23)  Plaintiff repeats, re-alleges and incorporates by reference, the allegations in all preceding paragraphs of this Complaint, especially the section entitled "FACTS," with the same force and effect as if herein set forth. The facts section is to be read as Paragraph 1 of this count.

(24)  In violation of CFR TITLE 29 §§  825.300(d)(3) 825.220 and 825.312. Plaintiff has been deprived of his salary (by the Defendant), because of his FMLA leave.

(25)   In violation of CFR TITLE 29 §§  825.300(d)(3), 825.220 &

9

825.312, Defendant will not cause reinstatement of Plaintiff's salary unless he submits to an FFD\FCE.  Said another way, Defendant has made Plaintiff's being entitled to his salary contingent on his submitting to an FCE\FFD.

(26)   Plaintiff seeks that the Defendant is enjoined from the conduct described in the above two paragraphs.

(27)    Plaintiff asserts he reasonably believes that he can succeed on the merits since there is nothing ambiguous about CFR TITLE 29 §§  825.300(d)(3) 825.220 & 825.312.

(28)   Irreparable harm will result to Plaintiff without injunctive relief. Such harm includes that he will continue to be without salary.  He has financial obligations and other family members who rely on his financial support.  Not meeting these obligations can have catastrophic effects.

(29)   The balance of harms between Defendant and the Plaintiff, reveal that Defendant will not suffer harm if enjoined from doing an acts absolutely prohibited by Unites States law.

(30)   The impact on the public interest favors that a municipality and its police chief adhere to the law.  There is nothing ambiguous about CFR TITLE 29 §§  825.300(d)(3) 825.220 and 825.312. Injunctive relief is appropriate where there is violation of federal law and that the public has an absolute interest in its public servants not being deprived of their salary without a basis in law.

(31)   The injunction will not harm the public interest. U.S. v. Rural Elec. Convenience Co-op Co., 922 F. 2d 429 (7th Cir.1991); Somerset House, Inc., v.

Turnock, 900 F. 2d 1012, 1014-1015(7th Cir. 1990) ; Baja Contractors. Inc., v. City of -Chicago, 830 F. 2d 667, 675 (7th Cir. 1987), cert. denied 485 U.S. 993, (1988); see Roland Machinery Co. v. Dresser Industries, Inc., 749 F. 2d 380, 386-388 (7th Cir. 1984).

**WHEREFORE**, Plaintiff respectfully asks that the Court:

1. Grant a preliminary injunction (preceded by a hearing).
2. Award back pay, compensatory damages, including punitive damages, the costs of this action, including attorney's fees, and statutory damages where available, in favor of Plaintiff according to 29 U.S.C. 2615 and any other available basis for monetary relief.
3. Grant Plaintiff further relief as the Court deems appropriate.

## COUNT II:  PRAYER FOR DECLARATORY RELIEF

(32)   Plaintiff repeats, re-alleges and incorporates by reference, the allegations in aforementioned paragraphs (including the "Facts" section) with the same force and effect as if herein set forth.

(33)   Defendant has been and continues to be in violation of CFR TITLE 29 §§  825.300(d)(3) 825.220 and 825.312.

(34)   There is a Case and Controversy.

(35)   Such Controversy is of a justiciable nature.

(36)   Plaintiff has a practical interest in a declaration from the court.

(37)   Plaintiff can show he suffered an injury.

(38)    Plaintiff suffered harm and continues to suffer to include harm which includes financial losses, legal fees; stigma damage; reputational damage; pain and suffering; humiliation; and emotional stress.

(39)    Defendant's conduct was and is the proximate cause and substantial factor in causing Plaintiff's harm.

**WHEREFORE**, Plaintiff respectfully requests that this Court:

1.    Grant Declaratory Judgment holding that CFR TITLE 29 § 825.300(d)(3) applies to the FMLA granted by the City of East Chicago and that Defendant is in violation of CFR TITLE 29 §§ 825.300(d)(3) 825.220, and 825.312.

2.    Award back pay, compensatory damages, including punitive damages, the costs of this action, including attorney's fees, and statutory damages where available, in favor of Plaintiff according to 29 U.S.C. 2615 and any other available basis for monetary relief.

3.    Grant Plaintiff further relief as the Court deems appropriate.

DATED:  November 12, 2016

RESPECTFULLY,
s\Christopher Cooper, ESQ., Counsel for Plaintiff
Law Office of Christopher Cooper, Inc.
79 W. Monroe Street, Suite 1213 [or] 426 N. Broad St., Griffith, IN 46319
Tel: 312 473 2968 [or] 219 228 4396  cooperlaw3234@gmail.com

CERTIFICATE OF SERVICE:  The undersigned certifies he caused filing of the foregoing via ECF on November 12, 2016 and that he did email a copy of the filing to Darnail Lyles, who is representing the Defendant in the present Superior Court matter and the administrative matter.
s\Christopher Cooper

Pursuant to 28 U.S.C. 1746, I, GUAN HILLSMAN, being duly sworn on oath, state that I have read the foregoing Complaint and that I know the contents to the best of my ability as a non-lawyer, and the same are true and correct to the best of my knowledge.

Plaintiff's Signature: /s/GUAN HILLSMAN[6]   _____   Date: 11.12.16

---

[6] Electronic Signature by consent of the Plaintiff.