UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| GUAN HILLSMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No.: 2:16-cv-480 |
| | ) | |
| CITY OF EAST CHICAGO, | ) | |
| FRANK SMITH in his individual capacity | ) | |
| AND SANDRA FAVELA in her | ) | |
| individual capacity, | ) | |
| | ) | |
| Defendants. | ) | |

**REPORT AND RECOMMENDATION**

This matter is before the court on the Motion for a Preliminary Injunction [DE 3] filed by the plaintiff, Guan Hillsman, on November 14, 2016 and the Motion to Dismiss Pursuant to FRCP 12(b)(1) and 12(b)(6) [DE 24] filed by the defendants, City of East Chicago, *et al.,* on December 19, 2016.

On December 9, 2016, Judge Theresa Springmann entered an Order [DE 21] referring the Motion for Preliminary Injunction to the undersigned Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. §636(b)(1). This report constitutes the undersigned Magistrate Judge's combined proposed findings and recommendations pursuant to 28 U.S.C. §636(b)(1).

For the following reasons, **IT IS RECOMMENDED** that the motions be **DENIED.**

*Background*

On November 12, 2016, the plaintiff Guan Hillsman, filed his Complaint for a Preliminary Injunction and Declaratory Relief [DE 1]. The Complaint subsequently was

amended, and Hillsman filed his Amended Complaint [DE 11] on November 22, 2016. Hillsman's Motion for Preliminary Injunction has alleged that he has been deprived of his salary by the defendants because of his FMLA leave. Hillsman indicated that he is entitled to compensation as permitted by 29 U.S.C. 2615 because the defendants have violated 29 CFR § 825.300(d)(3), 29 CFR 825.220, and 29 CFR § 825.312. The defendants' Motion to Dismiss has alleged that Hillsman failed to exhaust his administrative remedies and that he was ineligible to take leave under FMLA.

On December 21, 2016, the court held an in-person status conference and directed the parties to file joint proposed findings of fact by January 13, 2017 and any briefs in support of the Motion for Preliminary Injunction and Motion to Dismiss by January 20, 2017. The parties filed their Joint Proposed Findings of Fact [DE 26] on January 13, 2017, and Hillsman filed his Response to the Motion to Dismiss [DE 27] on January 20, 2017.

Hillsman has been employed by the City of East Chicago as a police officer since 1991, and he holds the rank of sergeant. He is not an at-will employee. Hillsman applied for FMLA leave in December of 2015. He received a letter dated January 20, 2016, signed by Sandra Favela, the Interim Director of Human Resources for the City of East Chicago, that indicated his request for FMLA leave was approved. Hillsman's FMLA leave was retroactive to December 23, 2015. The approval letter stated that a Designation Notice was included, which indicated that his request was designated as family medical leave. Also, the letter notified Hillsman he was required to provide a release signed by his healthcare provider to the Department of Human Resources two days before he was scheduled to return to work.

Hillsman was notified by Favela that pursuant to a note she received from his healthcare provider his FMLA leave was extended. Hillsman was due back to work on March 16, 2016.

2

On March 10, 2016, Hillsman hand delivered the release to the acting police chief and another agent for East Chicago. On March 16, 2016, Hillsman reported for duty, but the City of East Chicago did not permit him to return, nor did the City put him back on paid status. Hillsman has not received a salary from the City since March 15, 2016. The parties agree that Hillsman was not placed in a no pay status because of disciplinary charges, suspension from duty, voluntary leave of absence, and that at no time did he abandon his job. Chief Frank Smith denied the reinstatement of Hillsman's salary and employment and ordered that Hillsman submit to a Functional Capacity Exam/Fitness for Duty test (FCE/FFD). The parties have disputed certain facts, however, those facts are not outcome determinative.

*Discussion*

"[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." **Mazurek v. Armstrong**, 520 U.S. 968, 972 (1997) (internal quotation marks omitted) (quoting 11A C. Wright, A Miller & M. Kane, Federal Practice and Procedure § 2948, pp. 129-30 (2d ed. 1995)); *see also* **Shaffer v. Globe Protection, Inc.,** 721 F.2d 1121, 1123 (7th Cir. 1982). As a threshold matter, the plaintiff must show 1) a likelihood of success on the merits, 2) irreparable harm if the preliminary injunction is denied, and 3) the inadequacy of any remedy at law. *See* **Roland Machinery Co. v. Dresser Industries, Inc.,** 749 F.2d 380 (7th Cir. 1984). Once this threshold showing is made, the court balances 4) the harm to the plaintiff if the preliminary injunction is wrongfully denied against the harm to the defendants if the injunction is wrongfully granted, and 5) the impact on persons not directly concerned in the dispute (the "public interest"). *See* **Roland Machinery Co.,** 749 F.2d at 380; *see also* **Platinum Home Mortgage Corp. v. Platinum Fin. Group, Inc.,** 149 F.3d 722, 726 (7th Cir.1998). This equitable balancing proceeds on a

sliding-scale analysis - the greater the likelihood of success on the merits, the less heavily the balance of harms must tip in the moving party's favor. *See* **Planned Parenthood v. Commissioner of Indiana State Dept. Health,** 699 F.3d 962, 972 (7th Cir. 2012). The aim is to minimize the costs of a wrong decision. *See* **Stuller, Inc. v. Steak N Shake Enters., Inc.,** 695 F.3d 676, 678 (7th Cir. 2012).

An evidentiary hearing is required if the nonmoving party raises genuine issues of material fact in response to a motion for a preliminary injunction. ***Ty, Inc. v. GMA Accessories, Inc.,*** 132 F.3d 1167, 1171 (7th Cir.1997). However, the party seeking the evidentiary hearing must demonstrate that it has "and intends to introduce evidence that if believed will so weaken the moving party's case as to affect the judge's decision on whether to issue the injunction." ***Ty, Inc.***, at 132 F.3d at 1171; ***Promatek Industries, Ltd. v. Equitrac Corp.,*** 300 F.3d 808, 814 (7th Cir. 2002). Moreover, hearings on motions for preliminary injunctions are not required where there are no material disputed facts that require deciding credibility issues. ***AlliedSignal, Inc. v. B.F. Goodrich Co.,*** 183 F.3d 568, 577 (7th Cir. 1999); ***Medeco Sec. Locks, Inc. v. Swiderek,*** 680 F.2d 37, 38 (7th Cir. 1981). According to the parties Joint Proposed Findings of Fact, there are no material issues of fact, rather disputes on issues of law.

Hillsman has argued that he has been deprived of his salary by the City because of his FMLA leave. The Family Medical Leave Act, **29 U.S.C. § 2612**, states that "an eligible employee shall be entitled to a total of 12 workweeks of leave any 12-month period for one or more of the following: . . . (D) Because of a serious health condition that makes the employee unable to perform the functions of the position of such employee." The FMLA makes it unlawful for an employer to "interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under [the Act]". **29 U.S.C. § 2615(a)(1).** The FMLA also provides

4

that it is "unlawful for any employer to discharge or in any other manner discriminate against any individual for opposing any practice made unlawful by this subchapter." **29 U.S.C. § 2615(a)(2).** Specifically, the employer may not discharge or discriminate in any manner against an employee who has filed a charge or instituted a proceeding under the Act, who has given information in connection with a proceeding under the Act, or who has testified in any proceeding relating to a right provided under the Act. **29 U.S.C. § 2615(b).**

Interference arises when an employer either refuses to allow an FMLA leave or discourages an employee from taking leave to which he is entitled. **29 C.F.R. § 825.220(b);** *Dean v. Wackenhut Corp.*, 2011 WL 610946, *3 (N.D. Ill. 2011); *Stallings v. Hussmann Corp.*, 447 F.3d 1041, 1050 (8th Cir. 2006). An employer violates this provision when it takes some action to deter an employee from participating in an activity protected by the FMLA by interference or restraint, such as attaching negative consequences to the exercise of protected rights. *Stallings*, 477 F.3d at 1050 (citing *Bachelder v. Am. W. Airlines, Inc.*, 259 F.3d 1112, 1124 (9th Cir. 2001)). To establish a claim for interference, the employee must show that he was eligible for the FMLA's protections, that he was entitled to a benefit under the FMLA, and that his employer denied his FMLA benefits to which he was entitled. *See Burnett v. LFW Inc.,* 472 F.3d 471, 477 (7th Cir, 2006). Although the employee does not need to prove intent, he must show by direct or circumstantial evidence that the FMLA leave was a negative factor considered by the employer when making the decision to impose the challenged consequences. *See* **29 C.F.R. § 825.220(c).**

The Seventh Circuit also has outlined the requirements for retaliation under the FMLA. *Kauffman v. Federal Express Corp.*, 426 F.3d 880, 884 (7th Cir. 2005). "[T]he difference is that [a claim for retaliation] requires proof of discriminatory or retaliatory intent while

[interference] requires only proof that the employer denied the employee his entitlements under the Act." *Kauffman*, 426 F.3d at 884. Both interference and retaliation may be shown when an employer does not return an employee to an equivalent position upon returning from the FMLA leave. *See Pagel v. Tin Inc.,* 695 F.3d 622, 629-630 (7th Cir. 2012). "An employee is entitled to be returned to the same position the employee held when leave commenced, or to an equivalent position with equivalent benefits, pay, and other terms and conditions of employment." **29 C.F.R. § 825.214.**

Hillsman contends that the defendants violated CFR Title 29 § 825.300(d)(3), CFR Title 825.220, and CFR Title 29 § 825.312(d)(e) and (f) by failing to reinstate his salary until he submitted for a FCE/FFD. To obtain the preliminary injunction, Hillsman must demonstrate the likelihood of success on the merits of his claim. The threshold for this showing is low. *Roland Mach.,* 749 F.2d at 387. Hillsman need only demonstrate a "better than negligible chance of succeeding." *Boucher v. School Bd. of Greenfield,* 134 F.3d 821, 824 (7th Cir. 1998).

First, Hillsman has argued that he was entitled to protection for the FMLA leave that began on December 23, 2015. However, the defendants contend that Hillsman was not allowed back to duty because he failed to submit for a FCE/FFD. According to **29 § 825.300(d)(3),** if an employer requires the employee to present a fitness-for-duty certification to be restored to employment, the employer must provide notice of such requirement with the designation notice. If the employer requires the fitness-for-duty certification to address the employee's ability to perform the essential functions of his position, the employer must so indicate in the designation notice, and must include a list of the essential functions of the employee's position. *See* **29 § 825.312.**

On February 2, 2017, the court ordered Hillsman to produce a copy of the WH-382. On February 8, 2017, Hillsman responded that he does not have a copy of the WH-382 Designation Notice. He claimed that a WH-382 never was filled out by the City, however, the letter from human resources, signed by Favela, stated it was attached. The City has not provided a copy of the form.

Therefore, without the WH-382, the only notice Hillsman claimed that he received was the letter from Favela. The letter stated that Hillsman's request for the FMLA leave was granted and that the only condition before Hillsman could return to duty was that he provide a release signed by his healthcare provider to the chief and human resources two days before he was scheduled to return. Hillsman hand delivered his release on March 10, 2016 to the acting police chief and another agent for East Chicago. Because Hillsman contends that he never was given notice that before being restored to employment he had to submit to a FCE/FFD, he has refused to take the exam.

The City has argued that prior to Hillsman taking his second FMLA he had not worked the requisite 1250 hours in the previous twelve months prior to requesting leave. **29 U.S.C. § 2611(2)(A)(ii).** Therefore, he was ineligible for a second FMLA leave. However, Hillsman contends that the City is equitably estopped from arguing that he was ineligible to take leave under FMLA. An employer who has misled an employee concerning the employee's entitlement to family leave might, if the employee reasonably relied on the representation and was harmed as a result, be estopped to plead the defense of ineligibility to the employee's claim of entitlement to family leave. ***Dormeyer v. Comerica Bank-Ill.,*** 223 F.3d 579, 582-83 (7th Cir. 2000) (denying applicability of equitable estoppel in a case wherein an employer did not respond to an, otherwise-ineligible, employee's request for FMLA leave).

7

Estoppel has been applied within the context of an FMLA interference case when there was an affirmative representation of FMLA eligibility by the defendant employer to the plaintiff employee on a previous occasion. *See e.g.* **Peters v. Gilead Scis., Inc.,** 2006 WL 2054373 at **8–11 (S.D. Ind. 2006) (reversed in applicable part by **Peters v. Gilead Scis., Inc.**, 533 F.3d 594, 599–600 (7th Cir.2008)); **Allen,** 2005 WL 2347266 at **9–10; **Reaux**, 2009 WL 635468 at **3–4; *Butler,* 2006 WL 1049655 at **9–10. *See also* **Minard**, 447 F.3d at 359–60; **Duty**, 293 F.3d at 493–94. The doctrine of equitable estoppel itself may apply where an employer who has initially provided notice of eligibility for leave later seeks to challenge that eligibility. Thus, employees who rely to their detriment upon the assurance of their employer that they qualify for leave under the FMLA may claim the doctrine of equitable estoppel even without an enforceable federal regulation protecting that right. **Matthys v. Wabash Nat.,** 799 F.Supp.2d 891, 903–04 (N.D. Ind. 2011).

The letter provided by Favela indicated to Hillsman that his request for FMLA was granted and specified that his request was designated as family medical leave, so the City affirmatively represented to Hillsman that he was eligible. Hillsman relied on the City's representation that his FMLA leave was approved and has been harmed by the City failing to reinstate his pay because allegedly he was ineligible for FMLA. Therefore, equitable estoppel applies.

The City's Motion to Dismiss argued that Hillsman failed to exhaust his administrative remedies, therefore, the court lacked subject matter jurisdiction. The City indicated that Hillsman filed a Complaint for Preliminary Injunction in the Lake Superior Court on October 11, 2016. The Superior Court ruled that the matter must be presented to the Commission, and in the event of an adverse ruling, it could be appealed to the Superior Court. Hillsman has filed a

8

motion to dismiss the Superior Court case without prejudice. The City and Hillsman went before the East Chicago Police Merit Commission on November 15, 2016. The Commission set the matter for a full hearing on December 9, 2016. However, Hillsman withdrew his request and submitted a written motion to dismiss. The Commission then dismissed the matter.

The City has argued that Hillsman failed to exhaust his administrative remedies pursuant to Indiana law. The City contends that a police officer must exhaust his remedies by first presenting the issue to the Commission. If the officer is aggrieved by the Commission's ruling, then he must then file an appeal in state court. Also, the City indicated that Hillsman raised the same FMLA issue before this court and in his amended filing with the EEOC and that the EEOC claim is still pending.

Hillsman has argued that he did not file a FMLA action in Superior Court, rather an action pursuant to Ind. Code § 36-8-3.5, *et seq*. Hillsman indicated that FMLA was discussed only because the City reported that he was not suspended pursuant to Ind. Code § 36-8-3.5-17 and 19. Also, Hillsman sought a hearing from the Commission to get his police powers restored and salary reinstated. Hillsman contends that when it was clear a disciplinary matter was not in issue, the Commission did not have jurisdiction. Hillsman has argued that the Commission cannot compel him to forgo filing an FMLA action in federal court.

Hillsman contends that pursuant to **29 U.S.C. § 2617(a)(2)** the FMLA holds that "an action may be maintained against any employer…. in any Federal or State court of competent jurisdiction…" and does not require exhaustion of administrative remedies. ***Austin v. Cook County,*** 2009 WL 799488 (N.D. Ill. 2009). The FMLA enforcement provision does not contain language that explicitly or implicitly requires an employee to exhaust administrative remedies before filing a FMLA claim in federal court. *See generally* **29 U.S.C. § 2617.** Pursuant to the

9

Department of Labor regulations implementing the FMLA, an employee seeking to enforce the FMLA "has the choice of: (1)filing, or having another person file on his or her behalf, a complaint with the Secretary of Labor; or (2) filing a private lawsuit pursuant to section 107 of FMLA [29 U.S.C. § 2617]." **29 C.F.R. § 825.400.** Therefore, Hillsman was not required to exhaust administrative remedies before filing a civil action pursuant to FMLA.

Hillsman also contends that he has a 14th Amendment property interest in his continued employment as an East Chicago police officer. The court finds that Hillsman has waived this argument for lack of development. "Arguments not developed in any meaningful way are waived." *Cent. States, Se. & Sw. Areas Pension Fund v. Midwest Motor Express, Inc.,* 181 F.3d 799, 808 (7th Cir. 1999).

Next, Hillsman must show that he has suffered irreparable harm. Hillsman has argued that if he continues to be without salary he will be unable to meet his financial obligations, which will have catastrophic effects. A harm is "irreparable" if it "cannot be prevented or fully rectified by the final judgment after trial." *Roland Machinery Co. v. Dresser Industries, Inc.,* 749 F.2d 380, 386 (7th Cir. 1984); *Girl Scouts of Manitou Council, Inc. v. Girl Scouts of U.S. of America, Inc.,* 549 F.3d 1079, 1089 (7th Cir. 2008). What constitutes irreparably injury in a case, however, "depends upon the particular facts of that case." *Lasco v. Northern*, 733 F.2d 477, 481 (7th Cir. 1984), (*quoting Oburn v. Shapp*, 521 F.2d 142, 151 (3d. Cir. 1975)). Where the only remedy sought at trial is damages, the two requirements—irreparable harm, and no adequate remedy at law—merge. *Roland Machinery Co. v. Dresser Industries, Inc.,* 749 F.2d 380, 386 (7th Cir. 1984). The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm. *Sampson v. Murray*, 94 S.Ct. 937, 953, 415 U.S. 61, 90 (U.S. Dist.

Col. 1974). The Supreme Court has made it clear that "the temporary loss of income, ultimately to be recovered, does not usually constitute irreparable injury." *Sampson,* 415 U.S. at 94. Moreover, irreparable injury does not include loss of income, inability to find other employment, or financial distress. *Sampson*, 415 U.S. at 94. A plaintiff requesting restoration of salary and benefits pending a further court decision faces an uphill battle because "the possibility that adequate compensatory or other corrective relief will be available at a later date … weighs heavily against a claim of irreparable harm." *Sampson,* 415 at 90 (1974); (*quoting* ***Va. Petro. Jobbers Ass'n v. Fed. Pwr. Comm.,*** 259 F.2d 921, 925 (D.C. Cir. 1958)).

Hillsman's argument that he will continue to be without salary "runs head on into the principle that a temporary deprivation of employment does not inflict irreparable injury, and therefore does not justify a preliminary injunction." ***Shegog v. Board of Educ.,*** 194 F.3d 836, 839 (7th Cir. 1999); *see also* ***E. St. Louis Laborers' Local 100 v. Bellon Wrecking & Salvage Co.,*** 414 F.3d 700, 704 (7th Cir. 2005). Hillsman can receive complete relief in the final judgment and has made an absent showing of irreparable harm. Therefore, Hillsman has failed to make the threshold showing. *See* ***Roland Machinery Co.,*** 749 F.2d at 380

Based on the foregoing reason, **IT IS RECOMMENDED** that the Motion for a Preliminary Injunction [DE 3] and the Motion to Dismiss Pursuant to FRCP 12(b)(1) and 12(b)(6) [DE 24] be **DENIED**.

Pursuant to 28 U.S.C. §636(b)(1), the parties shall have fourteen days after being served with a copy of this Recommendation to file written objections thereto with the Clerk of Court. The failure to file a timely objection will result in the waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals. ***Willis v. Caterpillar, Incorporated***, 199 F.3d 902, 904 (7th Cir. 1999); ***Johnson v. Zema Systems Corporation***, 170

F.3d 734, 739 (7th Cir. 1999); *Hunger v. Leininger*, 15 F.3d 664, 668 (7th Cir. 1994); ***The Provident Bank v. Manor Steel Corporation***, 882 F.2d 258, 260-61 (7th Cir. 1989); ***United States v. Johnson***, 859 F.2d 1289, 1294 (7th Cir. 1988); *Lebovitz v. Miller*, 856 F.2d 902, 905 n.2 (7th Cir. 1988).

ENTERED this 22nd day of February, 2017.

/s/ Andrew P. Rodovich
United States Magistrate Judge