UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| GUAN HILLSMAN, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | CAUSE NO.: 2:16-CV-480-TLS |
| CITY OF EAST CHICAGO, INDIANA, FRANK SMITH in his individual capacity, and SANDRA FAVELA in her individual capacity, | ) | |
| Defendant. | ) | |

**ORDER**

This matter is before the Court on a Report and Recommendation of United States Magistrate Judge Andrew Rodovich [ECF No. 32]. On December 9, 2016, this Court referred Plaintiff Guan Hillsman's Motion for Preliminary Injunction [ECF No. 3] to the Magistrate Judge for review, to conduct any and all necessary evidentiary hearings, to order additional briefing, and to issue a report and recommendation that included proposed findings of fact and recommendations for the disposition of the Plaintiff's Motion. After the referral, Defendant City of East Chicago, Indiana, filed a Motion to Dismiss for Lack of Jurisdiction [ECF No. 24], pursuant to Federal Rule of Civil Procedure 12(b)(1), on December 19, 2016.

On February 22, 2017, the Magistrate Judge issued a Report and Recommendation [ECF No. 32] that this Court deny the Preliminary Injunction and deny the Motion to Dismiss. As to the Plaintiff's Motion, the Magistrate Judge found that the Plaintiff failed to make the threshold showing of "irreparable harm" for a preliminary injunction because he sought only the restoration of his salary and thus could "receive complete relief in the final judgment." (R. & R. 11, ECF No. 32.) He thus recommended denying the Plaintiff's Motion. As to the Defendant's

Motion, the Magistrate Judge found that the Court was not without subject-matter jurisdiction because federal law and the relevant Department of Labor regulations did not require the exhaustion of administrative remedies before initiating suit. (*Id.* 9–10 (citing 29 U.S.C. § 2617; 29 C.F.R. § 825.400).) Accordingly, the Magistrate Judge recommended denying the Defendant's Motion.

The Court's review of a Magistrate Judge's report and recommendation is governed by 28 U.S.C. § 636(b)(1), which provides in part:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

*Id.* Rule 72(b) also directs that the Court must only make a de novo determination of those portions of a magistrate judge's report and recommendation to which specific written objection has been made. *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). If no objection or only a partial objection is made, the Court reviews those unobjected portions for clear error. *Id.* In addition, failure to file objections with the district court "waives appellate review of both factual and legal questions." *Id.* Under the clear error standard, the Court can only overturn a magistrate judge's ruling if the Court is left with "the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 943 (7th Cir. 1997).

The Magistrate Judge set forth the facts under the appropriate standard of review and provided a thorough explanation for determinations made therein. No party has objected to those findings. Having reviewed the Report and Recommendation [ECF No. 32] and finding no clear error, the Court ADOPTS it in its entirety and incorporates the Magistrate Judge's recommendations into this Order. Accordingly, the Court now DENIES the Plaintiff's Motion

2

for Preliminary Injunction [ECF No. 3] and DENIES the Defendant's Motion to Dismiss for Lack of Jurisdiction [ECF No. 24].

SO ORDERED on March 14, 2017.

 s/ Theresa L. Springmann
CHIEF JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
FORT WAYNE DIVISION